```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

VERNA D. RODOLPH,

                            Plaintiff,

        -vs-                      **No. 1:15-CV-01065 (MAT)**
                                                       **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                          Defendant.
_____

## I. Introduction

Represented by counsel, Verna D. Rodolph ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II. Procedural History

The record reveals that in June 2012, plaintiff (d/o/b April 28, 1959) applied for DIB, alleging disability as of December 21, 2010. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Robert T. Harvey ("the ALJ") on January 9, 2014. The ALJ issued an unfavorable decision on April 3, 2014. The Appeals Council denied review of the ALJ's decision and this timely action followed.

**III. The ALJ's Decision**

At step one of the five-step sequential evaluation process, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since December 21, 2010, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: bilateral shoulder arthroscopy, right knee degenerative joint disease, and "osteoarthritis of the right hand index finger." T. 13. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the residual functional capacity ("RFC") to perform a light work as defined in 20 C.F.R. § 404.1567(b) "except lifting and carrying with the right upper extremity should not exceed five pounds"; plaintiff had "occasional limitations in bending and crawling as well as occasional limitations in the ability to reach in all directions with the right upper extremity, occasional limitations in handling with the right upper extremity, and occasional limitations in pushing and pulling with the right upper extremity"; and plaintiff could not work "in areas where she would be exposed to cold and dampness." T. 16.

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. At step five, the ALJ determined

that considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the RFC was unsupported by substantial evidence. Specifically, plaintiff argues that her reports of pain as well as the objective medical findings indicate limitations greater than that found by ALJ. Plaintiff also takes issue with the ALJ's failure to make a specific function-by-function assessment of plaintiff's limitations, and argues that the RFC failed to account for her mental limitations.

In a February 1, 2013 functional assessment apparently completed for workers compensation purposes, Dr. Karen Sarpolis opined that plaintiff was frequently limited in climbing and balancing; occasionally limited in kneeling, crouching, crawling, and stooping; and limited in reaching overhead with the left arm.

3

Dr. Sarpolis concluded that "[t]he totality of the medical evidence support[ed] the establishment of a light RFC with restrictions regarding [plaintiff's] ability to reach overhead on the left side due to the left shoulder impairment." T. 501. Plaintiff argues that the failure to include specific left arm limitations in the RFC constituted reversible error; however, as the ALJ noted, plaintiff's left shoulder condition improved appreciably following surgery in March 2011. Plaintiff also testified that she experienced pain and limitations in her right upper extremity, not her left. Moreover, the ALJ's attribution of only "some" weight to Dr. Sarpolis's opinion, due to the fact that she "did not have the benefit of additional evidence and [plaintiff's] testimony that was available to the [ALJ]," supports the ALJ's incorporation of only some of the limitations found by Dr. Sarpolis. T. 21.

In a consulting internal medicine examination dated September 4, 2012, state agency physician Dr. Hongbiao Liu found a full ROM of the elbows, forearms, and wrists bilaterally, as well as full ROM of the hips, knees, and ankles bilaterally. He opined that plaintiff had "mild limitation lifting, carrying, reaching overhead, bending, and kneeling." T. 443. In a consulting psychiatric examination, Dr. Santarpia found no abnormalities on mental status exam, and opined that plaintiff "present[ed] as able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, make

4

appropriate decisions, relate adequately with others, and appropriately deal with stress all within normal limits." T. 438. The only limitation Dr. Santarpia noted was "[m]ild impairment . . . in performing complex tasks independently," which difficulty was "caused by lack of motivation." Id.

The Court has reviewed the administrative record and concludes that the RFC found by the ALJ is supported by substantial evidence. The ALJ's restriction of plaintiff to light work, as well as his findings of various limitations with regard to plaintiff's upper right extremity, was consistent with Dr. Liu's opinion of only mild restrictions in lifting, carrying, and reaching overhead. The ALJ's assignment of limitations to the right upper extremity, as opposed to the left, is supported by the record, including plaintiff's treatment notes and her testimony regarding her own limitations. Additionally, the ALJ's failure to include mental limitations in this case was not error, because Dr. Santarpia opined as to only a mild limitation in performing complex tasks, and attributed this limitation to a lack of motivation.

Thus, RFC finding is fully consistent with the opinions of the consulting examiners regarding plaintiff's physical and mental abilities. See Petrie v. Astrue, 412 F. App'x 401, 405 (2d Cir. 2011) ("The report of a consultative physician may constitute . . . substantial evidence.") (citing Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (per curiam)). Moreover, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and

whether the ALJ's determination is supported by substantial evidence. . . . [R]emand is not necessary merely because an explicit function-by-function analysis was not performed." Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

**V.  Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 9) is denied and the Commissioner's motion (Doc. 13) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

           **S/Michael A. Telesca**
           HON. MICHAEL A. TELESCA
           United States District Judge

Dated:   February 23, 2017
         Rochester, New York